**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Rose Stitch Art | ) | |
| | ) | Case No. 26-cv-14187 |
| v. | ) | |
| | ) | Judge: Hon. |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate: Hon. |
| IDENTIFIED ON SCHEDULE "A" | ) | |
| | ) | |

## COMPLAINT

Rose Stitch Art, ("Plaintiff" or "Rose Stitch"), by undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendant"), and for Rose Stitch Art's Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Store"). Specifically, Defendant is reaching out to do business with Illinois residents

by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing versions of Rose Stitch Art's copyrighted works. The Defendant has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars via credit cards and/or PayPal and has sold and shipped products bearing infringing versions of Rose Stitch Art's federally registered copyrighted works within the Northern District of Illinois. The Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts business in Illinois and in this judicial district, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this judicial district.

## INTRODUCTION

4. Rose Stitch Art is the owner of the federal copyright registration that protects the creative content of Rose Stitch's images and illustrations. Rose Stitch is a professional artist from United Kingdom. Rose Stitch Art's work features embroidery and stitchwork to create compelling works of art.

5. This action has been filed by Rose Stitch Art to combat online copyright infringers who trade upon Rose Stitch Art's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Rose Stitch Art's works. In addition, the Defendant is selling unauthorized products that are based on and derived from the copyrighted subject matter of Rose Stitch Art's images and illustrations.

6. Rose Stitch Art is the owner of United States Copyright Registration No. VA 2-505-184 (the "Rose Stitch Work") and the registration is attached hereto as Exhibit 1. Upon information and belief, the copyright has an effective date that predates the Defendant's acts of copyright infringement.

7. In an effort to illegally profit from the creative content of Rose Stitch, Defendant has created numerous Defendant Internet Store and designed it to appear to be selling authorized Rose Stitch products.

8. The Defendant Internet Store shares unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendant's illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendant attempts to avoid liability by going to great lengths to conceal both its identity and the full scope and interworking of its illegal operation. Rose Stitch Art is forced to file this action to combat Defendant's infringement of the Rose Stitch Work. Plaintiff has been and continues to be irreparably damaged through loss of ability to license, loss of future sales, and loss of control over the creative content of the valuable copyrights, the quality of products sold in connection with Rose Stitch Art's copyrighted material, ability to license these products, and damage to Plaintiff's reputation and good will as a result of Defendant's actions and seeks injunctive and monetary relief.

9. The rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken since availing itself of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the internet.

The aggregated effect of the mass infringement that is taking place has overwhelmed Rose Stitch Art and Plaintiff's ability to police its rights against the hundreds of anonymous defendants which are selling illegal infringing products at prices below an original.

10. The Defendant Internet Store shares unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendant's illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendant uses aliases to avoid liability by going to great lengths to conceal both its identity as well as the full scope and interworking of its illegal network.

11. Plaintiff has been and continues to be irreparably harmed through the loss of control over Plaintiff's reputation, good will, ability to license, and the quality of goods featuring the Rose Stitch Work. The rise of e-Commerce as a method of supplying goods to the public exposes brand holders and content creators that make significant investments in their products to significant harm from counterfeiters and infringers.

12. Plaintiff's investigation shows that the telltale signs of an illegal infringement ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Internet Store that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company that appears to be legitimate is used, online research shows that there is no known address for the company, or addresses provided are merely shipping centers or warehouses used by multiple businesses, or often addresses which simply do not exist. Thus, the Defendant Internet Store is using fake online storefronts designed to appear to be selling genuine Rose Stitch Art products, while selling inferior imitations of Rose Stitch's products.

## THE PLAINTIFF

13. Rose Stitch Art is the owner of the copyright registration that protects the creative content of the Rose Stitch Work. The registration is valid, subsisting and in full force and effect. A true and correct copy of the registration is attached hereto as Exhibit 1.

14. Rose Stitch has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Rose Stitch Work. As a result, products associated with the Rose Stitch Work is recognized and exclusively associated by consumers, the public, and the trade as products associated with and authorized by Rose Stitch Art (the "Rose Stitch Products").

15. In an effort to illegally profit from the creative content of Rose Stitch Work, Defendant has created numerous Defendant Internet Store and it has designed it to appear to be selling authorized Rose Stitch Products.

16. No one other than Rose Stitch Art and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Rose Stitch Work without the express written permission of Rose Stitch Art.

## THE DEFENDANT

17. Defendant is an individual or business entity that, upon information and belief, resides in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Store. Defendant facilitates sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be authorized online

retailers, outlet stores, or wholesalers selling genuine Rose Stitch Products. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Rose Stitch Products to consumers within the United States, including Illinois and in this judicial district.

## THE DEFENDANT'S UNLAWFUL CONDUCT

18. The success of the Rose Stitch Work has resulted in significant copying of the creative content protected by Rose Stitch Art's copyright registration. Plaintiff has identified numerous fully interactive websites hosted on various e-commerce sites. Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the Rose Stitch Work ("Infringing Products") to consumers within the United States, including the State of Illinois.

19. The Defendant Internet Store intentionally conceals its identity and the full scope of its infringement operations to deter Rose Stitch Art from learning Defendant's true identities and the exact interworking of Defendant's illegal operations. Through its operation of the infringing Defendant Internet Store, Defendant is directly and personally contributing to, inducing and engaging in the sale of Infringing Products as alleged, often as partners, co-conspirators and/or suppliers. Upon information and belief, Defendant is an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

20. Upon information and belief, at all times relevant hereto, the Defendant in this action has had full knowledge of Rose Stitch Art's ownership of the Rose Stitch Work,

including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

21. Defendant often goes to great lengths to conceal its identity by often using multiple fictitious names and addresses to register and operate its massive network of Defendant Internet Store. Upon information and belief, Defendant regularly creates new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendant to conceal its identity, the full scope and interworking of its massive pirating operation, and to avoid being shut down.

22. The Infringing Products for sale in the Defendant Internet Store bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendant is interrelated. The Defendant Internet Store also includes other notable common features, including use of the same Defendant Internet Store registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

23. In addition to operating under multiple fictitious names, Defendant in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendant will often register new online marketplace accounts under new aliases once it receives notice of a lawsuit.

Infringers also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring takedown demands sent by brand owners. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

24. Further, infringers such as Defendant, typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment gateways so that it can continue operation despite Plaintiff's enforcement efforts. Upon information and belief, Defendant maintains off-shore bank accounts and regularly moves funds from its accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

25. Defendant, without any authorization or license from Rose Stitch Art, have knowingly and willfully pirated Rose Stitch's Work in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Illinois over the internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including Illinois.

## COUNT I
## COPYRIGHT INFRINGEMENT

26. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

27. The Rose Stitch Work has significant value and have been produced and created

at considerable expense.

28. At all relevant times, Rose Stitch Art has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Rose Stitch Work, including derivative works. The Rose Stitch Work is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (Exhibit 1).

29. Each Defendant, without the permission or consent of Rose Stitch Art, has, and continues to sell online pirated derivative works of the copyrighted Rose Stitch Work. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

30. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

31. As a result of each Defendant's infringement of Rose Stitch Art's exclusive rights under the Copyright Act, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

32. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Rose Stitch Art's copyrights and ordering that each Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Rose Stitch Art prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Rose Stitch Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Rose Stitch Product or is not authorized by Rose Stitch Art to be sold in connection with the Rose Stitch Work;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Rose Stitch Art and approved by Rose Stitch Art for sale under the Rose Stitch Work;

c. further infringing the Rose Stitch Work and damaging Rose Stitch Art's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Rose Stitch Art to be sold or offered for sale, and which directly use the Rose Stitch Work, and which are derived from Rose Stitch Art's copyrights in the Rose Stitch Work; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell products or inventory not authorized by Rose Stitch Art which are derived from Rose Stitch Art's copyrights in the Rose Stitch Work;

2) Entry of an Order that, upon Rose Stitch Art's request, those in privity with

Defendant and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Internet Store, shall:

a. disable and cease providing services for any accounts through which Defendant engages in the sale of products not authorized by Rose Stitch Art which reproduce the Rose Stitch Work or are derived from the Rose Stitch Work, including any accounts associated with the Defendant listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of products not authorized by Rose Stitch Art which are derived from the Rose Stitch Work; and

c. take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3) For Judgment in favor of Rose Stitch Art against Defendant that it has: a) willfully infringed Rose Stitch Art's rights in Rose Stitch Art's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Rose Stitch Art by Defendant's acts and conduct set forth in this Complaint;

4) For Judgment in favor of Rose Stitch Art against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Rose Stitch Art, in an amount to be determined at trial;

5) That Rose Stitch Art be awarded reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Respectfully submitted,

By: s/David Gulbransen/
David Gulbransen
Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com